# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
ROBERT CROCI, AS ADMINISTRATOR OF THE ESTATE OF
JOANN C. CROCI, DECEASED,

                              Plaintiff,

           -against-

ZOLL MEDICAL CORPORATION AND ZOLL SERVICES LLC,

                            Defendants.
-------------------------------------------------------------------x

Index No.:
Date Filed:

Plaintiff designates
Orange County as the
Place of Trial

SUMMONS

The basis of the venue
Is the residence of the
Plaintiff, 822 Lark Lane,
Cuddebackville, NY 12729

TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or if Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within TWENTY (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff resides at 822 Lark Lane, Cuddebackville, NY 12729
Defendants: Zoll Medical Corporation, 269 Mill Road, Chelmsford, MA 01824
              Zoll Services LLC, 1001 Commerce Drive, Cheswick, PA 15024

Dated: February 14, 2024
        Goshen, NY

Yours, etc.,

Donald J. Lambiase, Esq.
Lambiase & Smith
Attorneys for the Plaintiff
26 Scotchtown Avenue
Goshen, New York 10924
(845) 291-7100

NYSCEF DOC. NO. 1    Case 7:24-cv-02137-NSR    Document 1-1    Filed 03/21/24    Page 3 of 12    RECEIVED NYSCEF: 02/15/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
ROBERT CROCI, AS ADMINISTRATOR OF THE ESTATE OF
JOANN C. CROCI, DECEASED,

Index No.:
Date Filed:

VERIFIED COMPLAINT

                    Plaintiff,

   -against-

ZOLL MEDICAL CORPORATION AND ZOLL SERVICES LLC,

                    Defendants.
-----------------------------------------------------------------X

TO:

Zoll Medical Corporation
Defendant in Person
269 Mill Road
Chelmsford, MA 01824

Zoll Services LLC
1001 Commerce Drive
Cheswick, PA 15024

Sirs,

Plaintiff, Robert Croci, as Administrator of the Estate of JoAnn C. Croci, deceased, by his attorneys, Lambiase & Smith, complaining against the above named Defendants, Zoll Medical Corporation and Zoll Services LLC, respectfully alleges as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENCE

1. That at all times hereinafter mentioned, the Plaintiff Administrator, Robert Croci, was and still is a resident of the County of Orange, State of New York, residing at the time of the commencement of this action at 822 Lark Lane, Cuddebackville, New York 12729.

2. That the Plaintiff Administrator was the husband of decedent, JoAnn C. Croci, residing with his wife, at the aforesaid address until the time of her death.

3. That the decedent, JoAnn C. Croci, died intestate on April 8, 2023, at Bon Secours Community Hospital, located at 160 East Main Street, Port Jervis, NY 12771, at approximately 2:20 AM.

4. That the decedent's death was wrongfully due to the negligence and other culpable conduct of the Defendants, and each of them herein through the acts and omissions of their agents, servants and employees, acting within the scope of their employment.

5. That the decedent was born in Goshen, NY in 1971 and was 53 years old at the time of her death.

6. That the Plaintiff Administrator is wholly qualified to serve as the representative of the decedent's estate and was duly granted Letters of Administration with Limitations, empowering him to commence the within action, by the Surrogate's Court of Orange County, on October 24, 2023. (A copy of the Plaintiff's Letters of Administration with Limitations is annexed hereto and made a part hereof as Exhibit 1).

7. That at all times hereinafter mentioned, upon information and belief, Defendant, Zoll Medical Corporation, was and still is a foreign corporation, with headquarters located at 269 Mill Road, Chelmsford, MA 01824.

8. That at all times hereinafter mentioned, Defendant, Zoll Medical Corporation, held itself out to the decedent and to the general public as a competent and experienced manufacturer and/or distributor of medical devices for the advancement of emergency care, including but not limited to, the Zoll Life Vest wearable defibrillator.

9. That at all times hereinafter mentioned, upon information and belief, Defendant, Zoll Services LLC, was and still is a foreign corporation and subsidiary of the Defendant, Zoll Medical Corporation, with headquarters located at 121 Gamma Drive, Pittsburgh, PA 15238.

10. That at all times hereinafter mentioned, Defendant, Zoll Services LLC, held itself out to the Decedent and to the general public as a competent and experienced manufacturer and/or Distributor of the Zoll Life Vest wearable defibrillator.

11. That at all times hereinafter mentioned, Defendants, Zoll Medical Corporation and Zoll Services LLC:

    . transacted business within the State or contracted anywhere to supply goods or services within the State; and/or

    . committed a tortious act within the State other than defamation; and/or

    . committed a tortious act without the State causing injury to person or property within the State and

        i. regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State, or;

    ii. expects or should reasonably expect the act to have consequences within the State and derives substantial revenue from interstate or international commerce; and/or

  . owns, uses or possesses any real property situated within the State.

12. That the within action falls within one or more of the exceptions to the limited liability provisions of CPLR Article 16, as set forth in CPLR 1602.

13. That on or about March 16, 2023, in reliance upon the aforesaid representations of competence and experience, the decedent received A Zoll Life Vest wearable defibrillator, Model 10A1004-B04 and appurtenances, after a heart attack.

14. That prior to March 16,2023 the aforesaid Zoll Life Vest and appurtenances received by the decedent was designed, manufactured, packaged, distributed, sold and placed into the stream of commerce by the defendants.

15. That the aforesaid Zoll Life Vest was dangerous and defective in that, in and among other things it failed to detect life threatening rapid heart rhythms and/or failed to automatically deliver a treatment shock to save the decedent's life.

16. That the defendants, and each of them herein had actual and/or constructive notice of the aforesaid dangerous and defective conditions.

17. That several days after aquiring the Life Vest the decedent called the defendants' service line to report that alerts on the device were activating. The decedent was instructed to clean the sensors.

18. Thereafter, approximately 2 weeks before her death, the decedent again called the Defendants' service line to report that there was a red light and sound alerts were activating and a representative was sent to her home approximately 3 days later to purportedly desensitize the device.

19. That on April 8, 2023, at approximately 12:30 AM, the decedent went into cardiac arrest.

20. The Zoll Life Vest improperly failed to activate and render treatment.

21. That the Defendants and each of them herein were negligent in designing, testing, manufacturing, inspecting, packaging, marketing, labeling, and servicing of the aforesaid Zoll Life Vest and appurtenances.

22. That the Defendants and each of them herein, through the acts and omissions of their agents, Servants or employees were negligent, reckless and careless as follows:

  . by failing to design or manufacture an emergency medical device that would properly detect decedent's signs of arrythmia and cardiac arrest;

- by failing to design or manufacture an emergency medical device that would administer appropriate electric shock treatment when required;

- by failing to design or manufacture an emergency medical device which would properly and reliably activate with signs of arrhythmia and cardiac arrest;

- by failing to adequately inspect the emergency medical device before distribution;

- by failing to properly adjust and sensitize the emergency medical device before distribution;

- by failing to properly assemble the emergency medical device;

- by failing to properly adjust and sensitize the emergency medical device after its distribution;

- by failing to replace the malfunctioning emergency medical device with another Device that was in good working order;

- by failing to properly label the device with regard to its use and operation;

- by failing to provide necessary alerts and warnings of malfunction;

- by failing to adequately instruct the patient on the use and operation of the emergency medical device;

- by failing to provide adequate or appropriate patient support services;

- by failing to properly train or supervise their technical staff; and were otherwise negligent, reckless and careless through acts or omissions uniquely within the knowledge of the Defendants at this time and to be ascertained through discovery.

23. That by reason of the foregoing the decedent was caused to sustain fatal diverse personal injuries and caused to endure severe and protracted conscious pain and suffering

24. That by reason of the foregoing, conscious pain and suffering of the decedent, the Plaintiff is entitled to compensatory damages pursuant to the Estates, Powers and Trusts Laws of the State of New York which exceed the jurisdictional limits of all lower Courts of competent jurisdiction.

## SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY

25. Plaintiff repeats, re-iterates and re-alleges each and every allegation set forth in paragraphs marked and designated "1" through "24" above, as if more fully set forth herein at length.

26. That the aforesaid Zoll Life Vest and appurtenances was dangerously and defectively designed, manufactured, inspected, tested, packaged, labeled distributed and/or sold by the defendants.

27. That the Defendants, and each of them herein, placed into the stream of commerce an unsafe, dangerous and/or defective product causing serious and diverse personal injuries to the decedent and causing or contributing to her death.

28. That the defects in the aforesaid Zoll Life Vest and appurtenances were a proximate cause of the decedent's injuries, damages and death.

29. That the decedent could not, in the exercise of reasonable care have discovered the defects or realized their danger.

30. That the decedent could not, in the exercise of reasonable care have avoided her injuries.

31. That the aforesaid Zoll Life Vest and appurtenances were being used for the purposes for which they were originally intended.

32. That the aforesaid Zoll Life Vest and appurtenances were not subsequently altered.

33. That by reason of the foregoing the Defendants and each of them herein are strictly liable in Tort for the injuries and damages sustained by the Plaintiff.

34. That by reason of the foregoing and pursuant to the Estates, Powers and Trusts laws of the State of New York, the Plaintiff had been damaged in a sum which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction.

## THIRD CAUSE OF ACTION FOR BREACH OF WARRANTY

35. Plaintiff repeats, re-iterates and re-alleges each and every allegation set forth in paragraphs marked and designated "1" through "34" as if more fully set forth herein at length.

36. That the Defendants, and each of them herein, expressly and/or impliedly warranted to the Decedent and to the general public that the aforesaid Zoll Life Vest and appurtenances were designed and manufactured free from defects and reasonably safe for foreseeable uses.

37. That the Defendants and each of them herein breached the aforesaid warranties by designing and/or manufacturing and/or distributing and/or selling an emergency medical device that was not reasonably safe for foreseeable uses.

38. That the decedent justifiably relied on the aforesaid warranties for her safety.

39. That the aforesaid breach of warranties was a proximate cause of the decedent's injuries and damages.

40. That by reason of the foregoing the Plaintiff has been damaged in a sum which exceeds the Jurisdictional limits of all lower Courts of competent jurisdiction.

### FOURTH CAUSE OF ACTION FOR PECUNIARY LOSSES TO THE ESTATE

41. Plaintiff repeats, re-iterates and re-alleges each and every allegation set forth in paragraphs marked and designated "1" through "40" above, as if more fully set forth herein at length.

42. That by reason of the foregoing negligence and/or strict liability and/or breach of warranty by the defendants and each of them herein, the beneficiaries of the decedent's estate are entitled to compensation for economic losses including the decedent's final expenses, medical expenses Lost earnings and other economic losses pursuant to the Estates, Powers and Trusts Laws of the State of New York.

43. That by reason of the foregoing, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction.

WHEREFORE, Plaintiff demands Judgment against the defendants and each of them herein, jointly or severally as follows:

A. In a sum to be determined by the Trier of Fact which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction on the First Cause of Action; and

B. In a sum to be determined by the Trier of Fact, which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction on the Second Cause of Action; and

C. In a sum to be determined by the Trier of Fact, which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction on the Third Cause of Action; and

D. In a sum to be determined by the Trier of Fact, which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction on the Fourth Cause of Action; and

E. Costs and disbursements of this action; together with

F. Such other and further relief such as to this Court may seem just and proper.

Dated: February 14, 2024
Goshen, NY

Yours etc.

Donald J. Lambiase Esq.
Lambiase & Smith
Attorneys for Plaintiff
26 Scotchtown Ave.
Goshen, NY 10924
(845) 291-7100
lawyers@mllawonline.com
donlambiase@mllawonline.com

# EXHIBIT 1

# Surrogate's Court of the State of New York
## Orange County

On the Date Written Below LETTERS OF ADMINISTRATION WITH LIMITATIONS were granted by the Surrogate's Court of Orange County, New York as follows:

**File #: 2023-615**

Name of Decedent: **JoAnn C Croci**

Date of Death: 04-08-2023

Domicile: **Town Of Deerpark**

Type of Letters Issued: **LETTERS OF ADMINISTRATION WITH LIMITATIONS**

Fiduciary Appointed: **Robert Croci**
822 Lark Lane
P.O. Box 40
Cuddebackville NY 12729

**Limitations:** In accordance with Estates Powers and Trusts Law §5-4.6, now in effect or as hereafter amended, the fiduciary is hereby restrained from compromising any cause of action and collecting the proceeds thereof, unless or until authorized by further order of the Court.

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: October 24, 2023

IN TESTIMONY WHEREOF, the seal of the Orange County Surrogate's Court has been affixed.

WITNESS, Hon Timothy P. McElduff, Jr., Judge of the Orange County Surrogate's Court

*Amy J. Miller*

Amy J. Miller, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Orange County Surrogate's Court*

Attorney:
**Murphy & Lambiase**
26 Scotchtown Avenue
Goshen NY 10924

**RECEIVED**

OCT 2 4 2023

Surrogate's Court
Orange County

# VERIFICATION

STATE OF NEW YORK )
                  ) ss:
COUNTY OF ORANGE  )

Robert Croci, As Administrator of the Estate of JoAnn Croci, deceased, being sworn and says: I am the Plaintiff in the action herein; I have read the annexed Verified Complaint know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Robert Croci, Admistator of the Estate of
JoAnn Croci, deceased.

Sworn to before me this
14 day of February 2024.

_____
NOTARY PUBLIC

DONALD LAMBIASE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02LA4778992
Qualified in Orange County
My Commission Expires Jul 30, 2026