UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT CROCI, AS ADMINISTRATOR
OF THE ESTATE OF JOANN C. CROCI,
DECEASED,

                       Plaintiff,                  24-CV-02137 (NSR)

   -against-                               OPINIION & ORDER

ZOLL MEDICAL CORPORATION
AND ZOLL SERVICES, LLC,

                      Defendants.

NELSON S. ROMÁN, United States District Judge

Plaintiff Robert Croci, as Administrator of the Estate of Joann C. Croci, Deceased ("Plaintiff") commenced this action in New York State Supreme Court, Orange County (the "action"), for alleged personal injuries sounding in negligence, strict products liability, breach of warranty, wrongful death and pecuniary losses to the estate of Joann C. Croci following her use of a defibrillator device designed and/or manufactured by Defendants Zoll Medical Corporation and Zoll Services, LLC (the "Defendants"). On March 21, 2024, pursuant to 28 U.S.C. §§ 1332 and 1446, Defendants removed the action from state court to this Court asserting diversity jurisdiction. Presently before the Court is Plaintiff's motion seeking to remand the action back to state court. For the following reasons, the motion is DENIED.

## PROCEDURAL BACKGROUND

Plaintiff filed this action in New York State Supreme Court, Orange County, on or about February 2024. The Defendants were served with a copy of the Complaint on or about March 1, 2024. Defendants removed the action to federal court on March 21, 2024. (ECF No. 1.) By letter

dated March 28, 2024, Plaintiff sought leave of Court to file a motion to remand the action back to state court, which was granted. (ECF No. 4.)

## STANDARD

**Removal**

28 U.S.C.A. § 1446(a) provides in relevant part, that when a defendant seeks to remove an action from state court, the defendant shall file a notice of removal in the district court of the United States for the district and division where the action is pending. The notice shall contain a short and plain statement of the grounds for removal along with a copy of all process, pleadings, and orders served upon the defendant or defendants in the action.

The notice of removal shall be filed within 30 days after (1) the defendant receives a copy of the initial pleading setting forth the claim for relief, or (2) within 30 days after the defendant has been served the summons if the initial pleading has been filed in court and it is not required to be served on the defendant (whichever period is shorter). *See* 28 U.S.C.A. § 1446(b). A case, however, may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith to prevent a defendant from removing the action. *See* 28 U.S.C.A. § 1446(c); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 36 (2d Cir. 2010).

A case is removable to federal court when the initial pleadings enable the defendant to reasonably determine whether removal is permissible. *See Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205 (2d Cir. 2001). There is no requirement that a defendant look beyond the face of the initial pleading for facts giving rise to removability. *Id.* at 206. Similarly, there is no obligation imposed on a defendant to conduct an independent investigation into a plaintiff's allegations to determine that removal is proper and to comply with the 30-day period of 28 U.S.C. § 1446. *See*

*Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014) (internal citations omitted).

**Diversity Jurisdiction**

28 U.S.C. § 1332(a), commonly referred to as the diversity statute, provides in relevant part, that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. "Subject matter jurisdiction [] based on 28 U.S.C. § 1332" requires "'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps. Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S 546, 553 (2005)). It is well-settled that the party asserting jurisdiction bears the burden of demonstrating the propriety of the initial removal from state court to federal court. *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square*, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citing *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir.1994)).

## DISCUSSION

Plaintiff commenced this action in Orange County Supreme Court asserting, what are in essence, state court claims. The Defendants removed the action to federal court on the basis of diversity jurisdiction. Plaintiff moves to remand the action back to state court, on the basis, *inter alia,* that the Defendants have failed to demonstrate complete diversity, that the amount in controversy has not been met, and that the claims asserted do not involve a federal question.[1]

---

[1] Plaintiff's remaining basis for requiring remand—comity and abstention—are meritless.

Federal subject matter jurisdiction is limited and only available when a federal question is presented or where the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a). While the Plaintiff is correct that the claims asserted do not involve a federal question, the Defendants assert that subject matter jurisdiction exists by way of diversity jurisdiction.[2]

Defendants correctly assert that Plaintiff is a citizen of New York State. In their opposition to the motion to remand, Defendants evince they are non-citizens of New York. More specifically, Defendants have demonstrated that Zoll Medical Corporation is a foreign corporation with its principal place of business in Massachusetts. (See ECF No. 6, Rule 7.1 Corp. Discl.) A corporation's "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Defendant Zoll Services, LLC, is a Nevada limited liability corporation with its principal place of business in Pennsylvania. (See Rule 7.1 Corp. Discl.) It is well-established that an artificial legal entity other than a corporation does not have a state of incorporation or "principal place of business" for diversity-jurisdiction purposes, and its citizenship is instead determined by the citizenship of that entity's members. *See Andreoni v. Forest City Enterprises, Inc.*, 660 F. Supp. 2d 254, 256 (D. Conn. 2009) (citing *Carden v. Arkoma Associates*, 494 U.S. 185 (1990)); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership). According to the Defendants corporate disclosure statement, the sole member of the limited liability company, is Zoll Life Vest Holdings, LLC, which is organized in Nevada. The

---

[2] The Defendants concede Plaintiff's pleading do not raise a federal question.

sole member of Zoll Life Vest Holdings, LLC, is Zoll Medical Corporation. At this stage, there is sufficient evidence to demonstrate that Defendants, Zoll Medical Corporation and Zoll Services, LLC, are foreign citizens. Defendants now need only demonstrate that the "requisite amount in controversy exceeds $75,000.00." 28 U.S.C. § 1332(a).

Typically, pleadings where a claimant asserts claims sounding in wrongful death stemming from an alleged defective medical device would reasonably be expected to surpass the required $75,000 threshold. Plaintiff, however, did not articulate a damages amount.[3] On March 10, 2024, in an attempt to determine the measure of damages sought by Plaintiff, the Defendants served Plaintiff a demand, pursuant to N.Y. CPLR § 3017(c), which permits the party defending a personal injury or wrongful death action to request a written response from the claimant of damages sought.[4] To justify their failure to respond, Plaintiff asserts that it received a faxed copy of the demand bearing the wrong index number and that they did not receive a copy from the New York State Supreme Court clerk's office. (See ECF No. 19, Mem. in Support of Remand.) But in a supplemental declaration, Defendants' counsel affirmed that on April 24, 2024, the parties met and conferred, and Plaintiff's counsel admitted that the demand is in excess of $75,000.00.

---

[3] For each of his causes of action, Plaintiff seeks to recover "a sum to be determined by the Trier of Fact which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction." See Compl. at 7.
[4] The demand was attempted to be served prior to removing the action to federal court.

## CONCLUSION

Based on the foregoing, Plaintiff's motion seeking a court order remanding the action back to state court is DENIED. Defendants are directed to respond to the complaint on or before November 18, 2024. In the event Defendants timely file an answer, the parties are directed to meet and confer within 28 days thereafter and promptly submit a proposed Case Management Plan (blank form attached hereto) to the Court. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 14.

       This constitutes the Court's Opinion and Order.

Dated:  October 24, 2024                                      SO ORDERED:
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

.

UNITED STATES DISTRICT COURT  Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

                        Plaintiff(s),        **CIVIL CASE DISCOVERY PLAN**

                                                                           **AND SCHEDULING ORDER**

- against -

                    Defendant(s).      _____ CV _____ (NSR)

-------------------------------------------------------------x

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

    a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b. Depositions shall proceed concurrently.

    c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.


Dated:   White Plains, New York

_____


_____

Nelson S. Román, U.S. District Judge